UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TODD C. BANK, *Individually and on Behalf of All Others Similarly Situated*,

                Plaintiff,

-against-

CONSUMER TAX ADVOCATE, LLC, *et al.*,

                Defendants.
-----------------------------------------------------------X

**REPORT & RECOMMENDATION**
23 CV 9229 (HG) (CLP)

**POLLAK**, United States Magistrate Judge:

On December 18, 2023, plaintiff Todd C. Bank ("Bank"), proceeding *pro se*, commenced this class action, individually and on behalf of all others similarly situated, against defendants Consumer Tax Advocate, LLC, doing business as Done With Debt ("CTA"); Countrywide Debt Relief LLC ("CDR"); Loop Holdings LLC ("Loop" or "Loop Holdings"); Surefire Business LLC, doing business as Delve Debt Relief ("Surefire"); and Verify Debt Solutions Inc. ("Verify") (collectively, "defendants"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (ECF No. 1). On January 17, 2024, Bank filed an Amended Class-Action Complaint, alleging essentially the same claims based on a pre-recorded telemarketing call received on Bank's cellular telephone on or about October 13, 2023, in violation of 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. § 64.1200(a)(2). (Am. Compl.[1]). Currently pending before this Court on referral from the Honorable Hector Gonzalez are two motions to dismiss plaintiff's Amended Complaint—one filed on behalf of CTA, CDR, Loop,

---

[1] Citations to "Am. Compl." refer to plaintiff's Amended Complaint, filed January 17, 2024 (ECF No. 11).

and Verify, and one filed on behalf of Surefire—seeking dismissal pursuant to Rule 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure.[2]

For the reasons set forth below, it is respectfully recommended that defendants' motions to dismiss be granted.

## FACTUAL BACKGROUND

Plaintiff, an attorney proceeding *pro se*, alleges that on or about October 13, 2023, a telephone call was placed to his cellular phone. (Am. Compl. ¶ 31). Upon answering the call, it is alleged that a message was played "that was obviously pre-recorded, as it sounded robotic." (Id. ¶ 35). Plaintiff alleges that the call included and introduced an advertisement and constituted telemarketing. (Id. ¶¶ 36-37). The call was made without the prior written consent of Bank or anyone authorized to provide such consent; it disturbed his peace, and temporarily caused the receiving telephone to be unavailable for other calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii), "as further delineated by" 47 C.F.R. § 64.1200(a)(2). (Id. ¶¶ 38, 37-2,[3] 40, 41).

Plaintiff alleges that "thousands" of recipients received calls identical or materially similar to his call and that these calls were made without the consent of the class members, causing disturbance to the "peace, solitude and tranquility" of the class members, constituting a nuisance and frustrating and annoying class members. (Id. ¶¶ 39, 37-2, 38-2, 39-2).

As for the defendants, plaintiff alleges that CTA is a limited liability company organized and existing under the laws of Wyoming, with a principal place of business located in California.

---

[2] By Order dated June 18, 2024, the Honorable Hector Gonzalez referred defendants' motions to dismiss to the undersigned for a Report and Recommendation.

[3] The numbering of paragraphs in the Amended Complaint begins with paragraph No. 1 and continues until paragraph No. 40, at which point the numbering repeats beginning with the next paragraph which is numbered 37, followed by Nos. 38, 39, and 40, at which point it returns to consecutive numbering from 41 to 51. To avoid confusion, references to 37-2, 38-2, 39-2 and 40-2 refer to the second set of these numbered paragraphs.

(Id. ¶ 8). Defendants CDR, also a limited liability company, and Verify, are alleged to be organized and existing under the laws of California, with their principal places of business located in California. (Id. ¶¶ 9, 12). Defendant Loop, a limited liability company organized under the laws of Nevada, also has its principal place of business located in California (id. ¶ 10), while defendant Surefire is a limited liability company, organized and existing under the laws of Maryland, with a principal place of business also in Maryland. (Id. ¶ 11). Other than these allegations, the Amended Complaint is devoid of any details as to the nature of the business conducted by these defendants or their role in the alleged TCPA violation, except for the claim that "Bank's Call was made pursuant to contracts that Loop Holdings had with Countrywide [CDR], Done With Debt [CTA], Delve [Surefire], and Verify." (Id. ¶ 32).[4]

The Amended Complaint contains a single cause of action seeking injunctive relief on behalf of Bank and the other class members, as well as statutory damages of $500 per violation and up to an additional $1,000 per violation for willful violations. (Id. ¶¶ 42-44).

By Notice of Motion filed May 3, 2024, defendants CTA, CDR, Loop, and Verify (together, the "CTA defendants") moved to dismiss plaintiff's claim, arguing that since plaintiff had already received the maximum statutory damages recoverable under the TCPA, his claim is moot and the Court lacks subject matter jurisdiction over the claim. (CTA Mem.[5] at 5-9). The CTA defendants also contend that the Court lacks personal jurisdiction over CTA, CDR, and Verify (id. at 9-23), that the Amended Complaint fails to state a claim (id. at 23-24), and that the class allegations should be struck. (Id. at 24-25). Defendant Surefire also filed a motion to

---

[4] Although implied, it is not even clear from the pleadings that Loop is alleged to be the entity placing the call. (See Am. Compl. ¶ 32).
[5] Citations to "CTA Mem." refer to Defendants Consumer Tax Advocate, LLC, Countrywide Debt Relief LLC, Loop Holdings LLC, and Verify Debt Solution Inc.'s Memorandum of Law in Support of Motion to Dismiss, filed May 3, 2024 (ECF No. 37-2).

dismiss on May 16, 2024, joining in the CTA defendants' argument that the Court lacks subject matter jurisdiction based upon plaintiff's prior settlement of this action for the full amount of statutory damages he could receive under the TCPA. (Surefire Mem.[6] at 2-3).

## DISCUSSION

Plaintiff asserts a claim on behalf of himself and similarly situated class members under the TCPA, which bans certain invasive telemarketing practices. In 1991, Congress passed the TCPA to address consumer complaints that telemarketers were using certain technology, such as computerized pre-recorded phone calls to private homes, and, by operating interstate, they were escaping state law protections against nuisance calls. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012). Section 227(b)(1)(A) of the TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1).

The TCPA authorizes private individuals to bring claims for violations of the Act or regulations "in an appropriate court of [a] State," "if [such an action is] otherwise permitted by the laws or rules of court of [that] State." 47 U.S.C. §§ 227(b)(3), (c)(5). For each proven violation, the TCPA provides that a plaintiff may "enjoin such violation" and may recover the greater of the monetary loss caused by the violations or $500, unless the plaintiff can demonstrate that the violations are willful, in which case the plaintiff may recover up to $1,500. 47 U.S.C. § 227(b)(3).

---

[6] Citations to "Surefire Mem." refer to the Memorandum of Law of Defendant Surefire Business LLC d/b/a Delve Debt Relief in Support of Motion to Dismiss, filed May 16, 2024 (ECF No. 38-1).

The Supreme Court in <u>Mims v. Arrow Fin. Servs., LLC</u>, held that federal courts have subject matter jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331. 565 U.S. at 386-87. Although "claims based on alleged violations of the TCPA need not be pled with particularity," <u>Jackson v. Caribbean Cruise Line, Inc.</u>, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (citing <u>McCabe v. Caribbean Cruise Line, Inc.</u>, No. 13 CV 6131, 2014 WL 3014874, at *4 (E.D.N.Y. July 3, 2014)), the plaintiff is still required to allege facts sufficient to state a plausible claim of direct liability for a violation of the TCPA.

I.      <u>Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction</u>

Both sets of defendants move to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. (CTA Mem. at 4; Surefire Mem. at 2).

    A.     <u>Legal Standard</u>

In determining whether there is subject matter jurisdiction over a claim, the court must examine whether the complaint states "'a right to recover under the laws of the United States.'" <u>Goldman v. Gallant Sec. Inc.</u>, 878 F.2d 71, 73 (2d Cir. 1989) (per curiam) (citing <u>Bell v. Hood</u>, 327 U.S. 678, 681 (1946)). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the authority or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000); <u>see also</u> <u>Rivera v. Ndola Pharmacy Corp.</u>, 497 F. Supp. 2d 381, 386 (E.D.N.Y. 2007).

Courts considering a motion to dismiss under Rule 12(b)(1) must "accept as true all material factual allegations in the complaint." <u>Shipping Fin. Servs. Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir. 1998) (citations omitted); <u>see also</u> <u>Rivera v. Ndola Pharmacy Corp.</u>, 497 F. Supp. 2d at 387; <u>Country Rock Café, Inc. v. Truck Ins. Exch.</u>, 417 F. Supp. 2d 399, 402 (S.D.N.Y. 2006). While the court should "'draw all reasonable inferences in favor of plaintiff,'" <u>Rivera v. Ndola Pharmacy Corp.</u>, 497 F. Supp. 2d at 387 (quoting <u>Natural Res. Def. Council v.</u>

Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (quoting Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000))), the plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Makarova v. United States, 201 F.3d at 113; Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

Since "subject-matter jurisdiction focuses on the court's power to hear the claim," Physicians Comm. For Responsible Med. v. U.S. Env't Prot. Agency, 451 F. Supp. 2d 223, 228 (D.C. Cir. 2006) (citing cases), the court in analyzing a motion to dismiss under Rule 12(b)(1) must "give the plaintiff's factual allegations closer scrutiny" than it would in the context of a motion to dismiss under Rule 12(b)(6). Id. Moreover, the court is "not limited to the allegations contained in the complaint," id. at 228, and may consider materials outside the pleadings to resolve disputed jurisdictional facts. Makarova v. United States, 201 F.3d at 113; Country Rock Café, Inc. v. Truck Ins. Exch., 417 F. Supp. 2d at 402. Specifically, where a defendant making a fact-based Rule 12(b)(1) motion proffers extrinsic evidence outside the plaintiff's complaint, "[i]n opposition to such motion, plaintiff[] must 'come forward with evidence of [his] own to controvert that presented by the defendant,' or may instead 'rely on the allegations in the [p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing.'" Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 119 (2d Cir. 2017) (quoting Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 57 (2d Cir. 2016)). Where defendants' extrinsic evidence is "'material and controverted, the district court . . . need[s] to make findings of fact in aid of its decision as to standing.'" Id. (quoting Carter v. HealthPort Technologies, LLC, 822 F.3d at 57).

"Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides" the case. Burke v. Barnes, 479 U.S. 361, 363 (1987). If, at any

6

time, the court determines that subject matter jurisdiction is lacking, the court must dismiss the action. In Touch Concepts, Inc. v. Cellco P'Ship, 788 F.3d 98, 101 (2d Cir. 2015) (quoting Fed. R. Civ. P. 12(h)(3)). "Federal courts lack subject matter jurisdiction over moot disputes." United States v. N.Y.C. Dist. Council of N.Y.C. & Vicinity of the United Bhd. of Carpenters, 709 F. App'x 60, 62 (2d Cir. 2017) (citing County of Suffolk v. Sebelius, 605 F.3d 135, 139 (2d Cir. 2010)). "[A] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Bank of China, New York Branch v. Bank of China, Hong Kong Branch, 243 F. App'x 652, 655 (2d Cir. 2007) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). When a plaintiff actually receives all of the relief to which he could be entitled through further litigation, then the lawsuit or individual claim becomes moot because there is no live controversy remaining. Ruesch v. Commissioner of Internal Revenue, 25 F. 4th 67, 70 (2d Cir. 2022) (quoting Geismann, M.D., P.C. v. ZocDoc, Inc., 903 F.3d 534, 541 (2d Cir. 2018)).

B.     Analysis

Here, defendants include certain extrinsic evidence in their motion—namely, an email thread between defense counsel and plaintiff—to demonstrate that plaintiff's claim is moot and therefore this Court lacks subject matter jurisdiction. (Bowser Decl.,[7] Ex. A); see Katz v. Donna Karan Co., L.L.C., 872 F.3d at 119. Specifically, in the email thread, plaintiff concedes that he previously settled with a "nonparty-nonagent" regarding the telephone call at issue here. (Id. at 6; CTA Mem. at 5). According to defendants, prior to commencing this action, plaintiff demanded payments from several companies seeking damages for the October 13, 2023 call at

---

[7] Citations to "Bowser Decl." refer to the Declaration of Joseph P. Bowser, Esq., counsel for Defendants Consumer Tax Advocate LLC, Countrywide Debt Relief LLC, Loop Holdings LLC, and Verify Debt Solutions Inc., dated May 1, 2024, attaching as Exhibit A a series of emails between defendants' counsel and plaintiff Bank. (ECF No. 37-7).

7

issue here, including payments from the defendants named in this action and from the non-party with whom plaintiff settled. (CTA Mem. at 5; Surefire Mem. at 2; see also Bowser Decl. ¶ 3, Ex. A). Defendants contend that the maximum total statutory damages recoverable for a single violation of Section 227(b)(1)(A)(iii) of the TCPA is $1,500 if the defendant knowingly and willfully violated the statutory provision or the regulations prescribed thereunder. (Id.) Defendants concede that because there is a confidentiality clause in the settlement agreement with the non-party, they cannot confirm the actual amount of the settlement, but note that plaintiff has never denied that he received more than $1,500. (Id. at 5 n.2). Given that plaintiff never disputed defendants' accusations and therefore essentially conceded the point, defendants claim that it is apparent that plaintiff settled for more than or equal to the full amount of statutory damages that could be awarded here and thus his claims are moot. (Id. at 6).

In response to the defendants' motions to dismiss, plaintiff argues that, as a matter of law, the funds he received have no bearing on his right to sue here. (See Pl.'s Resp.[8] at 1). Plaintiff states that due to the confidential settlement agreement, he "can neither admit nor deny whether the settlement was for more than $1,500, although he does not object to the Court's assuming that it was for the purpose of the instant motion." (Id.) He argues, however, that none of the cases cited by the defendants support their position that a private settlement with a non-party bears on the federal court's subject matter jurisdiction, "much less a settlement that occurred before the litigation began." (Id.) He distinguishes the decision in Emery v. Roanoke City School Board—a case cited by defendants—where the plaintiff was found to lack standing because the non-party insurer had already paid the plaintiff's alleged damages, noting that the

---

[8] Citations to "Pl.'s Resp." refer to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion For Dismissal of the Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(2) [sic] of the Federal Rules of Civil Procedure, or, Alternatively, Dismissal of the Class Allegations Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, filed May 30, 2024 (ECF No. 40).

8

Emery court reasoned that plaintiff had sustained "no damages in the first place," because the insurer had paid. (Id. at 1-2 (quoting 432 F.3d 294, 299 (4th Cir. 2005)). Plaintiff further distinguishes other cases cited by defendants on the grounds that in each case the earlier settlement that mooted the actions were settlements with defendants or other parties in the same litigation. (Id. at 2 (citing Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc., No. 19 CV 3766, 2021 WL 3604660 (S.D.N.Y. Aug. 12, 2021); Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 900 F.3d 377 (7th Cir. 2018); Thomas v. Mamaso, Inc., No. 10 CV 229, 2012 WL 274653 (E.D. Tex. Jan. 11, 2012)).

It is plaintiff's burden to dispute defendants' extrinsic evidence that would threaten standing, and plaintiff has not once directly disputed defendants' claim that he has received the maximum amount of damages available under the statute for the instant phone call. See Katz v. Donna Karan Co., L.L.C., 872 F.3d at 119. Instead, he argues that, because he settled with a non-party, defendants' extrinsic evidence is immaterial to the standing question. See id. As an initial matter, it is clear that "a settlement may moot a case." Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 900 F.3d at 383; see also Campbell Ewald Co. v. Gomez, 577 U.S. 153, 164 (2016) (holding that an *unaccepted* settlement offer cannot moot a case, and contrasting cases where plaintiff's acceptance of defendants' payments "fully satisfied the asserted . . . claims, and so extinguished them"); In re Brown, No. 18 CV 10617, 2018 WL 4637465, at *3 (Bankr. S.D.N.Y. Sept. 25, 2018) (noting that in MFS/Sun Life Trust-High Yield Series v. Van Dusen Airport Servs. Co., 910 F. Supp. 913, 931 (S.D.N.Y. 1995), the court held that "if debt underlying fraudulent conveyance claim had been extinguished by settlement and rendered moot, court would not have subject matter jurisdiction over action"). While there is a dearth of case law directly addressing whether settlement with a non-party may moot a case generally, it is

9

clear that if plaintiff had already received the maximum amount available in statutory monetary damages for his claim from any one of the co-defendants, then he would not be able to pursue his claim against the remaining defendants.

Courts interpret Section 227(b) of the TCPA to allow for damages either per violation or per call.  See Geismann, M.D., P.C. v. ZocDoc, Inc., 850 F.3d at 513 n.7 (holding that Section 227(b) could allow for damages on a "per violation" or a "per call" basis, and noting that circuits are split on the issue); Hannabury v. Hilton Grand Vacations Co., LLC, 174 F. Supp. 3d 768, 771 (W.D.N.Y. 2016) (holding that "the TCPA allows the recipient of the calls to recover . . . up to $1,500 per call" under Section 227(b) or Section 227(c)); Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1105-06 (11th Cir. 2015) (holding that, because Section 227(b) allowed for recovery per violation, plaintiff could recover twice for a single fax that violated two provisions of the section).

As defendants note, plaintiff alleges a single violation of Section 227(b)(1)(A)(iii) for one telephone call made on October 13, 2023.  (CTA Mem. at 5 (citing Am. Compl. ¶¶ 21-38, 41)). Thus, plaintiff can recover the available statutory damages exactly once and is not entitled to collect "per defendant" for this single violation.  Plaintiff essentially concedes that the settlement was in satisfaction, at least in part, of plaintiff's claim related to the instant phone call.  (Pl.'s Resp. at 1).  To suggest that a settlement with someone prior to bringing suit would still allow plaintiffs to obtain double or multiple recoveries for every call or every violation runs counter to prior legal authority regarding single recovery from co-defendants and would encourage plaintiffs to seek out-of-court settlements through threatened litigation in the hopes of doing an end run around the statutory limit.  See Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d at 1105-06 (finding that, while both defendants were liable for each violation, plaintiff's total

damages award was limited to the amount available for each TCPA provision violated). Since plaintiff has essentially authorized the Court to assume that he received the maximum amount of statutory damages in the settlement, the Court finds no reason to ignore the out-of-court settlement. As plaintiff would not be entitled to further damages based on a single phone call, plaintiff's damages claim here would be moot, and the Court would lack subject matter jurisdiction over the plaintiff's damages claim in this case.[9] See Geismann, M.D., P.C. v. ZocDoc, Inc., 909 F.3d at 541.

II.   Motion to Dismiss For Failure to State a Claim[10]

   A.   Legal Standard

In addition to challenging subject matter jurisdiction, the CTA defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that plaintiff has failed to adequately allege specific facts necessary to state a claim for relief. (CTA Mem. at 23). When deciding a motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6), the Second Circuit has stated that a court must "accept as true

---

[9] The Court notes that in his Complaint, plaintiff seeks injunctive relief to prevent defendants from further violations of Section 227(b)(1)(A)(iii). (See Am. Compl. ¶ 42). Arguably even if plaintiff's damages claim was moot due to the settlement with the non-party, he still may have subject matter jurisdiction based on his claim for injunctive relief. However, although plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists, Lujan v. Defenders of Wildlife, 504 U.S. at 561, plaintiff has not addressed this issue. Even if he had, plaintiff's pleadings are so insubstantial that this Court cannot find a valid basis for subject matter jurisdiction on his claim for injunctive relief. (See infra, at 11-17). Nowhere in the Complaint does plaintiff directly allege that any of the defendants actually violated Section 227(b)(1)(A)(iii) (see infra, at 15-16), which allegation is necessary to enjoin defendants from further violations. See 47 U.S.C. § 227(b)(3). Thus, at this juncture, plaintiff's claim for injunctive relief is "'wholly insubstantial and frivolous.'" Oparaji v. Home Retention Corp., No. 21 CV 2758, 2022 WL 987560, at *4 (E.D.N.Y. Jan. 11, 2022) (quoting Shapiro v. McManus, 577 U.S. 39, 45 (2015) (noting the standard for dismissal for lack of federal question jurisdiction)). To the extent that Surefire moves to dismiss for lack of subject matter jurisdiction, the Court therefore recommends its motion be granted.

[10] The Court acknowledges that defendants have also argued that the Court lacks personal jurisdiction over them. While generally, "[a] court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question," Cohen v. Facebook, Inc., 252 F. Supp. 3d 140, 148 (E.D.N.Y. 2017) (citing Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963)), in this case, the deficiencies in the pleadings themselves make it difficult for the Court to determine whether personal jurisdiction exists over each defendant. Thus, the Court addresses the deficiencies in the pleadings first before briefly analyzing whether it has personal jurisdiction over the defendants.

the factual allegations of the complaint, and draw all inferences in favor of the pleader." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993); see also Rosner v. Bank of China, 349 Fed. App'x 637, 638 (2d Cir. 2009)). However, the court is not required to accept the truth of legal conclusions couched as factual allegations. See Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal, the Supreme Court clarified the pleading standards under which courts are to evaluate a motion to dismiss, "arguably shift[ing] pleading standards from 'simple notice pleading' to a 'more heightened form of pleading.'" Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 214 (S.D.N.Y. 2010) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009)). When deciding a Rule 12(b)(6) motion to dismiss, the court should consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 663 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Lynch v. City of New York, 952 F.3d 67, 74 (2d Cir. 2020). Under this heightened standard, labels, conclusions, and mere recitation of the elements of a cause of action will not suffice. Id. at 678; see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 545. Instead, a plaintiff must provide enough factual support that, if true, would "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. However, "plausibility" does not rise to the level of "probability," but instead requires "more than a sheer possibility that a defendant has acted unlawfully." Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d at 215 (quoting Ashcroft v. Iqbal, 556 U.S. at 678). "The issue is not whether a

12

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); see also Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (quoting the same).  Ultimately, when the well-pleaded facts allow no more than an inference of a "mere possibility of misconduct" and plaintiff has only alleged, rather than shown, an entitlement to relief, the federal pleading standard of Rule 8(a)(2) has not been satisfied.  Ashcroft v. Iqbal, 556 U.S at 679.

As a general matter, a *pro se* litigant's pleadings "'are held to less stringent standards than formal pleadings drafted by lawyers.'"  Oyekoya v. United States, 108 F. Supp. 2d 315, 317 (S.D.N.Y. 2000) (quoting Santiago v. Meinsen, 89 F. Supp. 2d 435, 438 (S.D.N.Y. Feb. 25, 2000)).  However, in this case plaintiff is an attorney.  Thus, while the Court is mindful that "'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally,'" Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)), in this case, the Court analyzes the pleadings with the understanding that as a licensed attorney, Mr. Bank is not afforded the special latitude afforded to *pro se* plaintiffs who are not attorneys.  See Bank v. U.S. Dep't of Health & Human Servs., 708 F. App'x 43, 44 (2d Cir. 2018); see also Bank v. Vivint Solar, Inc., No. 18 CV 2555, 2019 WL 1306064, at *1 n.1 (E.D.N.Y. March 22, 2019).

In order to state a claim under the relevant section of the TCPA, a plaintiff must allege that the defendant called him on his cell phone, using a pre-recorded voice, without his consent.  Simon v. Ultimate Fitness Grp., LLC, No. 19 CV 890, 2019 WL 4382204, at *6 (S.D.N.Y. Aug. 19, 2019).  Under Section 227(b)(1), a plaintiff seeking to impose liability against a defendant must allege that the defendant initiated the unsolicited call.  See Banks v. Pro Custom Solar, 416

13

F. Supp. 3d 171, 174 (E.D.N.Y. 2018) (finding that Mr. Bank had "fail[ed] to allege that Defendant initiated the Calls, which is required to successfully plead direct liability"); see also In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 FCC Reg. 7961, 7980 (July 10, 2015) (stating that there must be a "direct connection" between the person or entity and the making of the call).  In Bank v. Vivint Solar, Inc., the court dismissed a direct liability claim brought by this same plaintiff, finding that there was "an insufficient basis upon which to infer that [the defendant] made the [unsolicited call]." 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019), adopted by 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019); see also Childress v. Liberty Mut. Ins. Co., No. 17 CV 1051, 2018 WL 4684209, at *3 (D.N.M. Sept. 29, 2018).

Even when the "seller," which is defined in regulations as "the person or entity on whose behalf a [telemarketing] call or message is initiated, 47 C.F.R. § 64.1200(f)(10), does not initiate the call directly, it may be held vicariously liable for third-party telemarketing calls initiated by the third party.  See DISH Network LLC Declaratory Ruling, 28 FCC Red. 6574, 6583 (2013); see also Bank v. Vivint Solar, Inc., 2019 WL 1306064, at *3 (noting that the FCC has "ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations"); McCabe v. Caribbean Cruise Line, Inc., 2014 WL 3014874, at *3 (finding that "traditional principles of vicarious liability apply to actions brought under the TCPA").

In order to allege vicarious liability under the TCPA, the plaintiff must "'allege *some* facts regarding the relationship between an alleged principal and agent . . . and cannot simply allege general control in a vacuum." Melito v. American Eagle Outfitters, Inc., No. 14 CV 2440, 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015); see also Bank v. Vivint Solar, Inc., 2019

14

WL 2280731, at *3 (holding that the plaintiff must allege some facts relating to the relationship between the alleged principal and agent).

B. <u>Analysis</u>

Here, the Amended Complaint fails to allege any facts indicating that any of the named defendants actually initiated the call. The only allegation is that "a telephone call was placed to Bank." (Am. Compl. ¶ 31). Although there is a conclusory allegation that the call "was made pursuant to contracts that Loop Holdings had with Countrywide [CDR], Done with Debt [CTA], Delve [Surefire], and Verify" (<u>id.</u> ¶ 32), there is no direct allegation that Loop Holdings was the entity that actually initiated the call. At best, it might be inferred from the sentence construction of the allegation that Loop Holdings initiated the call, but there are no factual allegations to support that inference. There is no allegation that the prerecorded call disclosed the name or address of Loop Holdings or of any other entity on whose behalf the call was made. Unlike the circumstances in <u>Banks v. Pro Custom Solar</u>, where a live representative confirmed that the call was made to promote the defendant's services, here plaintiff fails to allege that anyone confirmed that the call was made by or on behalf of Loop Holdings or any of the other defendants. 416 F. Supp. 3d at 172. There also is no allegation that the phone number left by the caller – 1-888-803-0834 – is associated with Loop Holdings or any of the other defendants. Even assuming plaintiff's allegations to be true for purposes of this motion to dismiss, plaintiff has failed to allege sufficient facts that would allow the Court to determine that a plausible claim of direct liability under the TCPA had been alleged against Loop Holdings or any of the other defendants.

Nor are there any facts alleged to support a claim of vicarious liability against any of the defendants. The Amended Complaint is completely devoid of any factual allegations regarding the defendants, except for their places of incorporation and principal places of business; there are

15

no facts as to the type of business each is in, and more importantly, there is nothing alleged regarding the relationship between one another, except the allegation that the call was "made pursuant to contracts" with the other defendants. (Am. Compl. ¶ 32). Moreover, there are no facts alleged in the Amended Complaint to support the conclusory statement that there were contracts between any of the defendants, nor is there any factual allegation that would allow the Court to determine that the call was initiated by an agent of any of the defendants. By contrast, in Bank v. CreditGuard of America, plaintiff alleged that the defendant whose employee he ultimately spoke with "maintained a commingled business relationship," and "share[d] a single place of business" with the defendant to whom he was ultimately transferred. No. 18 CV 1311, 2019 WL 1316966, at *9 (E.D.N.Y. Mar. 22, 2019). The court found that these facts supported a "reasonable inference that each . . . [d]efendant acted with the apparent authority" of the others. Id.

      Courts have dismissed claims under the TCPA where there were more facts alleged than here. In Jackson v. Carribbean Cruise Line, Inc., the court dismissed the complaint as to the first defendant, finding that plaintiff's allegation that the first defendant was "responsible for making or causing the making of" the messages, "contracted with" the marketing firm to send text messages, and that the marketing firm "sent the text messages on behalf of, and at the direction of" the defendant, was not sufficient to establish vicarious liability with respect to the first defendant. 88 F. Supp. 3d at 133; see also Bank v. Alliance Health Networks, LLC, No. 15 CV 213, 2015 WL 4645317, at *1 (E.D.N.Y. Aug. 4, 2015) (dismissing complaint for failure to plead vicarious liability where the plaintiff only alleged that calls were "made by, or on behalf of, or with the authorization of" the defendants); Bank v. Philips Elec. No. Amer. Corp., No. 14 CV 5312, 2015 WL 1650926, at *3 (E.D.N.Y. Apr. 14, 2015) (dismissing complaint where there

16

were "no allegations of fact that establish an agency relationship between [defendant] and the authorized dealers or any control by [defendant]").

It is notable that plaintiff's Memorandum of Law in opposition to the motions to dismiss fails to even address the argument that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Given that it is apparently undisputed that the single conclusory allegation that the call was made "pursuant to contracts" with Loop is not sufficient to state a claim, the Court respectfully recommends that the case be dismissed as to all defendants.[11]

III.   Motion to Dismiss for Lack of Personal Jurisdiction

The CTA defendants also move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), on the grounds that the Court lacks personal jurisdiction over CTA, CDR, and Verify, all of which are out-of-state entities, with principal places of business outside New York. (CTA Mem. at 3, 9-23). Given that the Court is recommending dismissal for failure to state a claim against any of the defendants under the TCPA, the Court only briefly considers the issue of personal jurisdiction.

Plaintiff claims that because he has successfully alleged vicarious liability on the part of these defendants, he need not show anything more to avoid dismissal for lack of personal jurisdiction. (Pl.'s Resp. at 3). Unlike the cases cited in his opposition papers, here plaintiff has

---

[11] Plaintiff, an attorney, has been filing TCPA actions on his own behalf and that of a class of similarly situated individuals for at least ten (10) years. See, e.g., Bank v. Alliance Health Networks, LLC, 2015 WL 4645317, at *1; Bank v. Philips Elec. No. Amer. Corp., 2015 WL 1650926, at *3. Despite numerous opinions finding his pleadings to be deficient for the same reasons cited herein, he continues to inundate the courts with complaints that he knows or should know by now will not satisfy the pleading requirements of Fed. R. Civ. P. 12(b)(6). The defendants in this action have submitted various declarations attesting to the lack of relationship between CTA, CDR, Verify, and Loop, and while the Court may not consider these declarations as matters outside the four corners of the complaint in deciding the 12(b)(6) motion to dismiss, they serve as a caution to plaintiff that should he decide to seek to amend his pleadings, he should carefully verify his facts before filing a frivolous pleading for which sanctions would be justified.

17

failed to adequately allege anything approaching liability or vicarious liability on the part of the defendants.  See discussion *supra*.  Thus, while plaintiff need only provide "'legally sufficient allegations of [personal] jurisdiction'" to survive a motion to dismiss, he has failed to do so here.  Lugones v. Pete & Gerry's Organic, LLC, 440 F. Supp. 3d 226, 234 (S.D.N.Y. 2020) (quoting Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)).

Plaintiff also contends that he is entitled to jurisdictional discovery before the Court can dismiss claims based on personal jurisdiction.  (Pl.'s Resp. at 4).  However, given that the Court finds, *supra*, that plaintiff has failed to state a claim upon which relief can be granted, an evidentiary hearing on the personal jurisdiction question is unnecessary at this juncture.  See SPV Osus Ltd. v. UniCredit Bank Austria, No. 18 CV 3497, 2019 WL 1438163, at *13 (S.D.N.Y. Mar. 30, 2019) (holding that "jurisdictional discovery would be futile" because the court subsequently found that the pleadings failed to state a claim (citing SPV OSUS Ltd. v. AIA LLC, No. 15 CV 619, 2016 WL 3039192, at *5 (S.D.N.Y. May 26, 2016))).

The Court warns plaintiff to carefully consider the deficiencies in his pleading before seeking to file a second amended complaint.

IV.     Motion to Strike Plaintiff's Class Claim

The CTA defendants move to strike plaintiff's class allegations on the grounds that plaintiff, a *pro se* lawyer-plaintiff, cannot serve as the class representative or class counsel.  (CTA Mem. at 24).

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  See Bank v. CreditGuard of America, 2019 WL 1316966, at *4.  Motions to strike material from a pleading are disfavored, and generally should be denied "unless it can be shown that no evidence in support of the allegation would be admissible."  Lipsky v. Commonwealth

United Corp., 551 F.2d 887, 893 (2d Cir. 1976); see also Lynch v. Southampton Animal Shelter Fdn. Inc., 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (quoting the same).  Citing Bank v. HydraGroup, LLC, defendants note that the court there held that "'[d]ecisions in this district hold that a class representative cannot serve as both class representative and class counsel,'" and that the court explicitly added that "'some of these decisions involve Mr. Bank himself.'"  (CTA Mem. at 24-25 (quoting No. 10 CV 1770, 2013 U.S. Dist. LEXIS 189398, at *13 (E.D.N.Y. Aug. 6, 2013))).

In response, plaintiff argues that it is premature to strike the class claim at this stage of the litigation when no motion for certification has been filed.  (Pl.'s Resp. at 10 (citing Bank v. R&D Strategic Sols., No. 12 CV 1368, 2013 WL 1171108, at *1 (E.D.N.Y. Mar. 20, 2013) (declining to address defendant's arguments regarding the adequacy of class representative or class counsel, on the grounds that the action was still in the pleading stage and the plaintiff had not moved for class certification, which is when those "arguments are more properly considered . . .")).

To the extent that defendants seek to strike the plaintiff's class claims, the Court finds that the motion is premature at this stage.  As the Court in Bank v. CreditGuard of America noted:  "Plaintiff's inability to serve as class counsel is a matter to be addressed at the time of class certification and is irrelevant to the Court's resolution of the instant motion to dismiss." 2019 WL 1316966, at *1 n.2 (citing Bank v. R&D Strategic Sols., 2013 WL 1171108 at *1). While it is true that a number of cases in this circuit have denied plaintiff's requests for class certification based on a finding that a *pro se* may not bring an action in which he will serve as both class counsel and class representative, see, e.g., Bank v. HydraGroup, LLC, 2013 U.S. Dist. LEXIS 189398, at *13, the motion to strike the class claims for this reason is premature.

19

On the other hand, as with the allegations in the Amended Complaint seeking to impose liability on behalf of plaintiff individually, the Court finds that the allegations as to the class are merely conclusory, and not only fail to include any proposed class definition, but lack a single factual allegation that would allow the Court to determine if in fact there is a plausible claim to be asserted on behalf of others. Thus, the Court respectfully recommends that the court dismiss the class claims for failure to state a claim pursuant to Rule 12(b)(6).

CONCLUSION

Accordingly, for the reasons stated above, the Court respectfully recommends that plaintiff's Amended Complaint be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Court will send a copy of this Report and Recommendation to the *pro se* plaintiff by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 5, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York